**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DAELON HILL-JOHNSON | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 19-1277 |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN ORLANDO HARPER, | ) | |
| ALLEGHENY COUNTY, | ) | Magistrate Judge Lenihan |
| CHIEF DEPUTY WARDEN ZETWO, | ) | |
| SGT. TUCKER, OFFICER HANLEY, | ) | |
| CAPTAIN FRED YOUNG, | ) | |
| S.E.R.T. OFFICER LARDIN, | ) | |
| CAPTAIN DWIGHT EDWARDS, | ) | |
| CAPTAIN MICHAEL TERRY, | ) | ECF No. 202 |
| CAPTAIN MARK MAZINGO, | ) | |
| CAPTAIN IVAN MILICEVIC, | ) | |
| CAPTAIN WISEMAN, and | ) | |
| S.E.R.T. OFFICER FALCONE, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Presently before the Court is a Motion for Summary Judgment filed by Defendants Warden Orlando Harper, Allegheny County, Chief Deputy Warden Zetwo, Sgt. Tucker, Officer Hanley, Captain Fred Young, S.E.R.T. Officer Lardin, Captain Dwight Edwards, Captain Michael Terry, Captain Mark Mazingo, Captain Ivan Milicevic, Captain Wiseman, and S.E.R.T. Officer Falcone. ECF No. 202. For the reasons discussed below, the Court will *sua sponte*, treat Defendants' Motion for Summary Judgment (ECF No. 202) as a Rule 41(b) Motion to Dismiss for Failure to Prosecute and for Failure to Comply with Court Orders. The Court will dismiss Plaintiff's case with prejudice.

**I.      Procedural History**

On March 18, 2022, Defendants Warden Orlando Harper ("Harper"), Allegheny County ("County"), Chief Deputy Warden Zetwo ("Zetwo"), Sgt. Tucker ("Tucker"), Officer Hanley ("Hanley"), Captain Fred Young ("Young"), S.E.R.T. Officer Lardin ("Lardin"), Captain Dwight Edwards ("Edwards"), Captain Michael Terry ("Terry"), Captain Mark Mazingo ("Mazingo"), Captain Ivan Milicevic ("Milicevic"), Captain Wiseman ("Wiseman"), and S.E.R.T. Officer Falcone ("Falcone") (collectively "Defendants") filed the Motion for Summary Judgment at bar (ECF No. 202), along with a Brief in Support of the Motion (ECF No. 204), and Concise Statement of Material Facts (ECF No. 203). On March 21, 2022, the Court ordered that Plaintiff file a Response to the Motion for Summary Judgment by April 21, 2022. ECF No. 206. The Order set out in detail the requirements for the response, including a brief in support, a concise statement of material facts and appendix. *Id.* On April 25, 2022, Plaintiff filed a Motion for Extension of Time to File a response to the Motion for Summary Judgment (ECF No. 213) which was granted on April 26, 2022 (ECF No. 214). The new response deadline was set for May 26, 2022. *Id.* On May 25, 2022, Plaintiff moved for another extension of time to file his response to the Motion for Summary Judgment. ECF No. 217. The Court granted an additional 30 days such that Plaintiff's response was due on June 27, 2022. ECF No. 218.

Although titled as a "Second" Motion for extension of time, Plaintiff filed a third motion on June 28, 2022. ECF No. 219. In response to this motion, the Court Ordered Defendants to respond to Plaintiff's averment that the law library had been unavailable since May 16, 2022, and to advise when the library will be available to Plaintiff. ECF No. 220. Defendants timely filed their response on July 7, 2022. ECF No. 221. The next day, the Court entered an Order extending the response deadline to July 25, 2022 and indicated that no further extensions would be granted. In doing so, the Court noted that Plaintiff had presented false information to the

2

Court regarding his access to the law library. *Id.* As of the date of this Memorandum Opinion, Plaintiff has failed to respond to Defendants' Motion for Summary Judgment. According to the Unified Judicial System of Pennsylvania Web Portal, on July 6, 2022, Plaintiff pled guilty to certain criminal charges and was sentenced to time served.[1] Importantly, Plaintiff has failed to fulfill his obligation to notify the Clerk of Court of his current address.[2] Plaintiff was specifically warned by Order of Court dated October 10, 2019 that his failure to keep the Court advised, in writing, of his current address at all times throughout this litigation may result in the dismissal of this civil action. ECF No. 5 at 2-3.

## II.     Discussion

Rule 41(b) of the Federal Rules of Civil Procedure addresses the involuntary dismissal of an action or a claim. It provides that:

> [i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as an adjudication on the merits.

### A.     *Sua Sponte* Dismissal

"Under Rule 41(b), a district court has authority to dismiss an action *sua sponte* if a litigant fails to prosecute or to comply with a court order." *Qadr v. Overmyer*, No. 15-3090, 642 F. App'x 100, 102 (3d Cir. 2016) (*per curiam*) (citing Fed. R. Civ. P. 41(b)); *see also Adams v. Trustees of N.J. Brewery Emps. Pension Trust Fund*, 29 F.3d 863, 871 (3d Cir. 1994) ("The Supreme Court affirmed, stating that a court could dismiss *sua sponte* under Rule 41(b).")

---

[1] *See https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-02-CR-0003609-2016* (last visited September 28, 2022).
[2] Plaintiff's address of record is his address while incarcerated at the ACJ.

The Third Circuit Court of Appeals has stated that "a district court dismissing a case *sua sponte* 'should use caution in doing so because it may not have acquired knowledge of the facts it needs to make an informed decision.'" *Qadr v. Overmyer*, 642 F. App'x 100, 103 (quoting *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008)). Before engaging in a *sua sponte* dismissal, "the district court 'should provide the plaintiff with an opportunity to explain his reasons for failing to prosecute the case or comply with its orders.'" *Id*. (quoting *Briscoe*, 538 F.3d at 258).

As noted above, Plaintiff was granted all requested extensions of time in which to respond to Defendants' Motion for Summary Judgment. As of the date of this Memorandum Opinion, Plaintiff has failed to file a response to the Motion. Nor has Plaintiff alerted the Court to his current address since released from the ACJ in July 2022. It appears that Plaintiff has abandoned the prosecution of this civil action. Consequently, the Court is unable to contact the Plaintiff to provide him the opportunity to explain his reasons for failing to respond to the Motion for Summary Judgment and for failing to comply with the Court's Orders.

    **B.**    **The *Poulis* Factors**

In *Poulis v. States Farm Fire & Cas. Co.,* 747 F.2d 863 (3d Cir. 1984), the Third Circuit Court of Appeals set forth the following six factors to be weighed in considering whether dismissal is proper under Rule 41(b):

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868 (emphasis omitted). In balancing the *Poulis* factors, no single factor is dispositive, nor do all factors need to be satisfied to result in dismissal of the complaint. *Briscoe v. Klaus*, 538

F.3d 252, 263 (3d Cir. 2008).  However, in determining whether a dismissal is warranted, the Court must analyze the factors in light of the "strong policy favoring decisions on the merits." *Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 132 (3d Cir. 2019).  The Third Circuit has emphasized that "dismissals with prejudice or defaults are drastic sanctions, termed 'extreme' by the Supreme Court," and that they "must be a sanction of last, not first, resort."  *Poulis*, 747 F.2d at 867-68, 869 (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).  "Cases should be decided on the merits barring substantial circumstances in support of the contrary outcome." *Hildebrand*, 923 F.3d at 132.

      **C.**      **Application of the *Poulis* Factors**

            **1.**      **The extent of the party's personal responsibility**

"[I]n determining whether dismissal is appropriate, we look to whether the party bears personal responsibility for the action or inaction which led to the dismissal." *Adams v. Trs. of the N.J. Brewery Emps. Pension Tr. Fund*, 29 F.3d 863, 873 (3d Cir. 1994).  In determining personal responsibility for the delay, the Court must distinguish "between a party's responsibility for delay and counsel's responsibility." *Hildebrand*, 923 F.3d at 133 (citing *Poulis*, 747 F.2d at 868).  A plaintiff is not conjecturally responsible for her counsel's delay. *Id*.  Any doubt as to personal responsibility should be resolved "'in favor of reaching a decision on the merits.'" *Id*. at 138 (quoting *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002)).

Here, Plaintiff was prosecuting this case, pro se, since October 7, 2019, and therefore bears personal responsibility for the failure to prosecute and to comply with this Court's orders.[3] In fact, Plaintiff became a very proficient litigator over the years as the docket sheet reflects 222 entries.  Consequently, this factor weighs heavily in favor of dismissal.

---

[3] On October 16, 2019, Plaintiff was appointed counsel by the District Judge solely for the limited purpose of Plaintiff's Motion for Temporary Restraining Order and hearing on the Motion.  ECF No. 8.

### 2. Prejudice to the adversary

Prejudice to the adversary is a substantial factor in the *Poulis* analysis; but like any other factor, it is not dispositive. *Hildebrand*, 923 F.3d. at 134. "Relevant examples of prejudice include 'the irretrievable loss of evidence[] [and] the inevitable dimming of witnesses' memories.'" *Id*. (quoting *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984)). A party is not required "to show 'irremediable' harm for [this factor] to weigh in favor of dismissal." *Id.* (quoting *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003)). If the opposition is unable to prepare "a full and complete trial strategy" then there is sufficient prejudice to favor dismissal. *Id*. (citation omitted).

Here, Defendants are severely prejudiced by Plaintiff's failure to respond to Defendants' arguments and designations in the record supporting their defenses on summary judgment. More importantly, Plaintiff's whereabouts are unknown, and this civil action could remain dormant indefinitely. The longer the case remains inactive, the more witnesses' memories will fade, and the greater the likelihood that other evidence will be lost. This factor weighs heavily in favor of dismissal.

### 3. A history of dilatoriness

A history of dilatoriness is generally established by repeated "delay or delinquency." *Adams*, 29 F.3d at 874. While once or twice is normally insufficient, this factor weighs in favor of dismissal where the plaintiff has a history of repeated delay. *Hildebrand*, 923 F.3d at 135 (citation omitted). In addition to repeated acts, "extensive" delay can also create a history of dilatoriness. *Adams*, 29 F.3d at 874. A "failure to prosecute" does not require that plaintiff take affirmative "steps to delay the trial … It is quite sufficient if [he/she] does nothing .… " *Id*. at 875 (citation omitted).

"While extensive delay may weigh in favor of dismissal, 'a party's problematic acts must be evaluated in light of its behavior over the life of the case.'" *Hildebrand*, 923 F.3d at 135 (quoting *Adams*, 29 F.3d at 875). Thus, where a plaintiff has not been previously delinquent the weight given even a long delay should be mitigated. *Id*.

Here, since the Defendants filed their Motion for Summary Judgment, Plaintiff has done nothing other than request extensions of time in which to respond. All of Plaintiff's requests for extensions have been granted by the Court. Plaintiff has filed no response, timely or otherwise. Instead, it appears that plaintiff has abandoned his civil action. This factor weighs heavily in favor of dismissal.

### 4. Whether the party's conduct was willful or in bad faith

In determining if plaintiff's conduct constituted willful or bad faith, the "court should look for 'the type of willful or contumacious behavior' that can be characterized as 'flagrant bad faith,' such as [a case history of] failing to answer interrogatories for nearly a year and a half, demanding numerous extensions, ignoring admonitions by the court, and making false promises to correct delays." *Id*. (citing *Scarborough*, 747 F.2d at 875 (citation omitted)). "Willfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 875. Although "[a] lengthy delay reflects 'inexcusable negligent behavior,' *id*. at 876, . . . that behavior alone does not rise to the level of willfulness or bad faith." *Hildebrand*, 923 F.3d at 135.

Finally, "[b]ecause the harsh sanction of dismissal should serve to deter bad faith or self-serving behavior, and because of our policy of favoring decisions on the merits, [in the absence of evidence] that the delay was not effectuated willfully or in bad faith, [this factor] should weigh against dismissal." *Id*. at 136.

Here, Plaintiff has requested and received numerous extensions of time throughout the duration of this civil action. *See* ECF Nos. 47, 48, 63, 75, 77, 78, 79, 80, 81, 82, 89, 90, 108, 109, 110, 111, 213, 214, 217, 218, 219, & 222.  But at this point in the litigation, Plaintiff has abandoned any efforts to prosecute this case.  It is unclear whether Plaintiff's abandonment constitutes inexcusable negligent behavior or is intentional.  The docket sheet reflects a history of requesting numerous extensions, and at one point, a misrepresentation to the Court regarding his access to the prison law library (ECF No. 222).  Clearly, this misrepresentation to the Court involves self-serving behavior.  In light of the tumultuous history of this case, the Court finds that this factor weighs in favor of dismissal.

### 5. **Effectiveness of sanctions other than dismissal**

A district court must thoroughly consider "alternative sanctions before dismissing a case with prejudice." *Id*.  (citing *Briscoe*, 538 F.3d at 262).  The court should also provide an analysis of effectiveness sufficient "to honor [the] longstanding tradition of favoring decisions on the merits." *Id*.  In so doing, the court should be mindful that "[a]lternatives are particularly appropriate when the plaintiff has not personally contributed to the delinquency." *Poulis*, 747 F.2d at 866 (citations omitted).  "[A]lternative sanctions need only be effective toward mitigating the prejudice caused by dilatory behavior or delinquency." *Hildebrand*, 923 F.3d at 136.  They are not required to be "completely ameliorative." *Id*.

Here, the Court's only available sanction is dismissal.  Plaintiff is personally responsible for his failure to respond to the pending Motion for Summary Judgment.  He is also personally responsible for his failure to provide the Clerk of Court with his current address.  Consequently, monetary sanctions would prove ineffective now that Plaintiff has abandoned his case.  This factor weighs heavily in favor of dismissal.

8

### 6. Meritoriousness of claim or defense

The standard for determining whether a plaintiff's claims are meritorious is moderate. *Adams*, 29 F.3d at 876. The standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim, and not a summary judgment standard, is applicable in a *Poulis* analysis. *Id.* at 869-70. And *"[w]here a plaintiff makes out a prima facie case, but the defendant raises a prima facie defense, the factor may not weigh in favor of the plaintiff." Id.* at 876-77 (citing *Poulis*, 747 F.2d at 869-70) (emphasis added).

Here, the docket reflects that Plaintiff has made out a prima facie case as to certain of his claims. On April 27, 2021, this Court issued a Memorandum Opinion and Order denying Defendants' Motion to Dismiss on the following claims: 1) Fourteenth Amendment conditions of confinement; 2) Fourteenth Amendment claims relating to COVID-19; 3) Fourteenth Amendment claims of excessive force; 4) First Amendment retaliation; 5) Municipal Liability; and 6) various state law claims. *See* Memorandum Opinion & Order, ECF Nos. 132 & 133. Defendants, however, in their Answer to the Amended Complaint (ECF No. 145), set out sufficient prima facie defenses directed to all of Plaintiff's surviving claims. These defenses include the adherence to proper policies for training, monitoring, supervising and disciplining staff and inmates, especially as related to plaintiff's mental health care and confinement. Defendants also plead the lack of personal involvement of ACJ administrative officials. They further plead that Plaintiff contributed to his adverse circumstances by not complying with ACJ rules and regulations and by failing to take his prescribed mental health medications. Defendants further plead that Plaintiff cannot establish supervisory liability because these officials did not implement, follow, or acquiesce in any unconstitutional policies or customs. Therefore, this factor weighs in favor of dismissal.

### D. Summation of *Poulis* Factors

Because all of the *Poulis* factors weigh in favor of dismissal, the Court will dismiss Plaintiff's civil action with prejudice.

### III. Conclusion

For the foregoing reasons, the Court, *sua sponte*, treats Defendants' Motion for Summary Judgment (ECF No. 202) as a Rule 41(b) Motion to Dismiss for Failure to Prosecute and for Failure to Comply with Court Orders. The Court will dismiss Plaintiff's case with prejudice.

An appropriate Order will follow.

Dated: December 13, 2022

_____
LISA PUPO LENIHAN
United States Magistrate Judge

cc: Daelon Hill-Johnson
180163
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219
(Last address of record)